**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**CHICAGO DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 09-18408 |
| | § | |
| ROBERT F SWIECH, Sr. | § | |
| JILL C SWIECH | § | |
| | § | |
| Debtors | § | |

**TRUSTEE'S FINAL REPORT**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/21/2009. The undersigned trustee was appointed on 05/21/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                                $12,876.04

    Funds were disbursed in the following amounts:

    | | |
    |---|---:|
    | Payments made under an interim distribution | $0.00 |
    | Administrative expenses | $0.00 |
    | Other Payments to creditors | $0.00 |
    | Non-estate funds paid to 3rd Parties | $0.00 |
    | Exemptions paid to the debtor | $0.00 |
    | Other payments to the debtor | $0.00 |
    | Leaving a balance on hand of[1] | $12,876.04 |

    The remaining funds are available for distribution.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 03/30/2010 and the deadline for filing government claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,037.44. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,037.44, for a total compensation of $2,037.44[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/24/2011            By: /s/ Horace Fox, Jr.
                                Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page No: 1     Exhibit A

| Case No.: | 09-18408 | | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|---|
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | | Date Filed (f) or Converted (c): | 05/21/2009 (f) |
| For the Period Ending: | 2/24/2011 | | | §341(a) Meeting Date: | 07/07/2009 |
| | | | | Claims Bar Date: | 03/30/2010 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. DA=§ 554(c) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

| **Ref. #** | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Cash | $0.00 | $0.00 | OA | $0.00 | FA |
| 2 | 5718 N. Avondale Ave., Chicago, IL 60631 | $295,000.00 | $0.00 | DA | $0.00 | FA |
| 3 | TCF checking | $100.00 | $100.00 | DA | $0.00 | FA |
| 4 | Misc. household goods | $1,000.00 | $1,000.00 | DA | $0.00 | FA |
| 5 | Misc. clothing | $1,000.00 | $0.00 | DA | $0.00 | FA |
| 6 | Misc. petty jewelry | $200.00 | $200.00 | DA | $0.00 | FA |
| 7 | Monumental Life Insurance Company (cash value) | $2,000.00 | $0.00 | DA | $0.00 | FA |
| 8 | Monumental Life Insurance Company - no cash value | $0.00 | $0.00 | DA | $0.00 | FA |
| 9 | City of Chicago pension - 14 year employee | Unknown | $0.00 | DA | $0.00 | FA |
| 10 | Chicago Public Schools pension - 10 year employee | Unknown | $0.00 | DA | $0.00 | FA |
| 11 | MetLife annuity | $1,200.00 | $0.00 | DA | $0.00 | FA |
| 12 | 2002 Ford F150 (79k miles) | $6,935.00 | $725.00 | DA | $0.00 | FA |
| 13 | 2005 Chevy Cavalier (8,500 miles) | $5,210.00 | $520.00 | DA | $0.00 | FA |
| 14 | 2007 Harley-Davidson Electra Glide | $16,190.00 | $14,790.00 | | $12,870.01 | FA |
| **Asset Notes:** | Debtor wanted to purchase bike, the decided to surrender it, to chgo liquidators for sale. Costs of sale 1400.00 | | | | | |
| 15 | VOID | $0.00 | $0.00 | | $0.00 | FA |
| INT | Interest Earned    (u) | Unknown | Unknown | | $6.03 | Unknown |

**TOTALS (Excluding unknown value)**     **Gross Value of Remaining Assets**

    $328,835.00     $17,335.00     $12,876.04     $0.00

**Major Activities affecting case closing:**

10/10/2009   2007 Harley Davidson Electra is the only asset on which debtor made an inadequate offer which was refused. Made arrangements with his attorney for Chris Matsakis to collect and sell the bike.

04/11/2010   2007 Harely Davidson has been sold and check received. Look at claims and tax liability

10/03/2010   All claims unsecured and filed before claims bar date. Evaluate taxes.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 2    Exhibit A

| **Case No.:** | 09-18408 | **Trustee Name:** | Horace Fox, Jr. |
|---|---|---|---|
| **Case Name:** | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | **Date Filed (f) or Converted (c):** | 05/21/2009 (f) |
| **For the Period Ending:** | 2/24/2011 | **§341(a) Meeting Date:** | 07/07/2009 |
| | | **Claims Bar Date:** | 03/30/2010 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. DA=§ 554(c) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

01/28/2011    Accountant says there was no taxable event if bike was for personal use and was sold for less than price paid for it. Therefore it is final report ready.

**Initial Projected Date Of Final Report (TFR):** 03/31/2011        **Current Projected Date Of Final Report (TFR):** 06/30/2011

**FORM 2** Page No: 1 Exhibit B

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 09-18408 | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | Bank Name: | STERLING BANK |
| Primary Taxpayer ID #: | ******1522 | Checking Acct #: | ******8408 |
| Co-Debtor Taxpayer ID #: | ******1523 | Account Title: | |
| For Period Beginning: | 5/21/2009 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/24/2011 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 02/24/2010 | (14) | Chicago Liquidators Services, Inc. | proceeds mis deposited into checking account | 1129-000 | $12,870.01 | | $12,870.01 |
| 04/16/2010 | | Transfer To Acct#******8408 | proceeds of sale of Harely Davidson bike transfered to money market. | 9999-000 | | $12,870.01 | $0.00 |
| | | | **TOTALS:** | | $12,870.01 | $12,870.01 | $0.00 |
| | | | Less: Bank transfers/CDs | | $0.00 | $12,870.01 | |
| | | | Subtotal | | $12,870.01 | $0.00 | |
| | | | Less: Payments to debtors | | $0.00 | $0.00 | |
| | | | **Net** | | $12,870.01 | $0.00 | |

| For the period of 5/21/2009 to 2/24/2011 | | For the entire history of the account between 02/24/2010 to 2/24/2011 | |
|---|---|---|---|
| Total Compensable Receipts: | $12,870.01 | Total Compensable Receipts: | $12,870.01 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,870.01 | Total Comp/Non Comp Receipts: | $12,870.01 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $12,870.01 | Total Internal/Transfer Disbursements: | $12,870.01 |

FORM 2

CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 09-18408 | | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|---|
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | | Bank Name: | STERLING BANK |
| Primary Taxpayer ID #: | ******1522 | | | Money Market Acct #: | ******8408 |
| Co-Debtor Taxpayer ID #: | ******1523 | | | Account Title: | |
| For Period Beginning: | 5/21/2009 | | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/24/2011 | | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 04/16/2010 | | Transfer From Acct#******8408 | proceeds from sale of Harley Davidson bike. | 9999-000 | $12,870.01 | | $12,870.01 |
| 04/20/2010 | (INT) | Sterling Bank | Back owed interest from 2-25-10 thru 4-16-10 | 1270-000 | $0.88 | | $12,870.89 |
| 04/30/2010 | (INT) | Sterling Bank | Interest Earned For April | 1270-000 | $0.26 | | $12,871.15 |
| 05/28/2010 | (INT) | Sterling Bank | Interest Earned For May | 1270-000 | $0.55 | | $12,871.70 |
| 06/30/2010 | (INT) | Sterling Bank | Interest Earned For June | 1270-000 | $0.53 | | $12,872.23 |
| 07/30/2010 | (INT) | Sterling Bank | Interest Earned For July | 1270-000 | $0.55 | | $12,872.78 |
| 08/31/2010 | (INT) | Sterling Bank | Interest Earned For August | 1270-000 | $0.55 | | $12,873.33 |
| 09/30/2010 | (INT) | Sterling Bank | Interest Earned For September | 1270-000 | $0.53 | | $12,873.86 |
| 10/29/2010 | (INT) | Sterling Bank | Interest Earned For October | 1270-000 | $0.55 | | $12,874.41 |
| 11/30/2010 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $0.53 | | $12,874.94 |
| 12/31/2010 | (INT) | Sterling Bank | Interest Earned For December | 1270-000 | $0.55 | | $12,875.49 |
| 01/31/2011 | (INT) | Sterling Bank | Interest Earned For January | 1270-000 | $0.55 | | $12,876.04 |
| | | | **TOTALS:** | | $12,876.04 | $0.00 | $12,876.04 |
| | | | **Less: Bank transfers/CDs** | | $12,870.01 | $0.00 | |
| | | | **Subtotal** | | $6.03 | $0.00 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $6.03 | $0.00 | |

| For the period of 5/21/2009 to 2/24/2011 | | For the entire history of the account between 04/16/2010 to 2/24/2011 | |
|---|---|---|---|
| Total Compensable Receipts: | $6.03 | Total Compensable Receipts: | $6.03 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $6.03 | Total Comp/Non Comp Receipts: | $6.03 |
| Total Internal/Transfer Receipts: | $12,870.01 | Total Internal/Transfer Receipts: | $12,870.01 |
| | | | |
| Total Compensable Disbursements: | $0.00 | Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 | Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 09-18408 | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | Bank Name: | STERLING BANK |
| Primary Taxpayer ID #: | ******1522 | | Money Market Acct #: | ******8408 |
| Co-Debtor Taxpayer ID #: | ******1523 | | Account Title: | |
| For Period Beginning: | 5/21/2009 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 2/24/2011 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

|  | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
|  |  | $12,876.04 | $0.00 | $12,876.04 |

**For the period of 5/21/2009 to 2/24/2011**

| | |
|---|---|
| Total Compensable Receipts: | $12,876.04 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,876.04 |
| Total Internal/Transfer Receipts: | $12,870.01 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $12,870.01 |

**For the entire history of the case between 05/21/2009 to 2/24/2011**

| | |
|---|---|
| Total Compensable Receipts: | $12,876.04 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $12,876.04 |
| Total Internal/Transfer Receipts: | $12,870.01 |
| | |
| Total Compensable Disbursements: | $0.00 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $0.00 |
| Total Internal/Transfer Disbursements: | $12,870.01 |

# CLAIM ANALYSIS REPORT

| Case No.: | 09-18408 | | | Trustee Name: | Horace Fox, Jr. |
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | | Date: | 2/24/2011 |
| Claims Bar Date: | 03/30/2010 | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | HORACE FOX<br><br>6 East Monroe #1004<br>Chicago IL 60603 | 05/30/2010 | Trustee Compensation | Allowed | 2100-000 | $0.00 | $2,037.44 | $2,037.44 | $0.00 | $0.00 | $0.00 | $2,037.44 |
| | SMITH AMUNDSON LLC<br><br>150 N. Michigan #3300<br>Chicago IL 60601 | 05/30/2010 | Attorney for Trustee Fees (Other Firm) | Allowed | 3210-000 | $0.00 | $3,302.50 | $3,302.50 | $0.00 | $0.00 | $0.00 | $3,302.50 |
| | CHICAGO LIQUIDATORS<br>1830 N. Besly Court<br>Chicago IL 60642 | 11/12/2010 | Auctioneer for Trustee Fee | Allowed | 3610-000 | $0.00 | $1,287.10 | $1,287.10 | $0.00 | $0.00 | $0.00 | $1,287.10 |

**Claim Notes:** Sale of motor cycle per court order.

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | SMITH AMUNDSON LLC<br><br>150 N. Michigan #3300<br>Chicago IL 60601 | 02/20/2011 | Attorney for Trustee Expenses (Other Firm) | Allowed | 3220-000 | $0.00 | $6.40 | $6.40 | $0.00 | $0.00 | $0.00 | $6.40 |
| 1 | CHASE BANK USA, N.A.<br><br>PO Box 15145<br>Wilmington DE 198505145 | 01/09/2010 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $9,767.24 | $9,767.24 | $0.00 | $0.00 | $0.00 | $9,767.24 |
| 2 | SPIRIT OF AMERICA NATIONAL BANK/LANE BRYANT<br>FIRST EXPRESS<br>PO BOX 856132<br>LOUISVILLE KY 402856132 | 01/14/2010 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $122.22 | $122.22 | $0.00 | $0.00 | $0.00 | $122.22 |
| 3 | CHASE BANK USA, N.A.<br><br>C/O Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas TX 75374 | 01/28/2010 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $1,492.34 | $1,492.34 | $0.00 | $0.00 | $0.00 | $1,492.34 |
| 4 | GE MONEY BANK DBA SAM'S CLUB<br>Care of Recovery Management Systems Corp<br>25 SE 2nd Ave Ste 1120<br>Miami FL 33131 | 03/24/2010 | General Unsecured 726(a)(2) | Allowed | 7100-000 | $0.00 | $3,334.64 | $3,334.64 | $0.00 | $0.00 | $0.00 | $3,334.64 |

CLAIM ANALYSIS REPORT

Page No: 2     Exhibit C

| Case No. | 09-18408 | | | Trustee Name: | Horace Fox, Jr. |
|---|---|---|---|---|---|
| Case Name: | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | | Date: | 2/24/2011 |
| Claims Bar Date: | 03/30/2010 | | | | |

| Claim No.: | Creditor Name | Claim Date | Claim Class | Claim Status | Uniform Tran Code | Scheduled Amount | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | $21,349.88 | $21,349.88 | $0.00 | $0.00 | $0.00 | $21,349.88 |

# CLAIM ANALYSIS REPORT

| | |  | | |
|---|---|---|---|---|
| **Case No.** | 09-18408 | | **Trustee Name:** | Horace Fox, Jr. |
| **Case Name:** | SWIECH, Sr., ROBERT F AND SWIECH, JILL C | | **Date:** | 2/24/2011 |
| **Claims Bar Date:** | 03/30/2010 | | | |

**CLAIM CLASS SUMMARY TOTALS**

| Claim Class | Claim Amount | Amount Allowed | Amount Paid | Interest | Tax | Net Remaining Balance |
|---|---|---|---|---|---|---|
| Attorney for Trustee Expenses (Other Firm) | $6.40 | $6.40 | $0.00 | $0.00 | $0.00 | $6.40 |
| Attorney for Trustee Fees (Other Firm) | $3,302.50 | $3,302.50 | $0.00 | $0.00 | $0.00 | $3,302.50 |
| Auctioneer for Trustee Fee | $1,287.10 | $1,287.10 | $0.00 | $0.00 | $0.00 | $1,287.10 |
| General Unsecured 726(a)(2) | $14,716.44 | $14,716.44 | $0.00 | $0.00 | $0.00 | $14,716.44 |
| Trustee Compensation | $2,037.44 | $2,037.44 | $0.00 | $0.00 | $0.00 | $2,037.44 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:　　　09-18408
Case Name:　　ROBERT F SWIECH, Sr.
　　　　　　　　JILL C SWIECH
Trustee Name:　Horace Fox, Jr.

　　　　　　　　　　　　　　　　　　　Balance on hand:　　　$12,876.04

Claims of secured creditors will be paid as follows: NONE

　　　　　　　　　　　　Total to be paid to secured creditors:　　　$0.00
　　　　　　　　　　　　　　　　　　　Remaining balance:　　　$12,876.04

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Horace Fox, Trustee Fees | $2,037.44 | $0.00 | $2,037.44 |
| Smith Amundson LLC, Attorney for Trustee Fees | $3,302.50 | $0.00 | $3,302.50 |
| Smith Amundson LLC, Attorney for Trustee Expenses | $6.40 | $0.00 | $6.40 |
| Chicago Liquidators, Auctioneer for Trustee Fees | $1,287.10 | $0.00 | $1,287.10 |

　　　　Total to be paid for chapter 7 administrative expenses:　　　$6,633.44
　　　　　　　　　　　　　　　　　　　Remaining balance:　　　$6,242.60

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

　　　　Total to be paid to prior chapter administrative expenses:　　　$0.00
　　　　　　　　　　　　　　　　　　　Remaining balance:　　　$6,242.60

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

|                      |                                       |
|---------------------:|--------------------------------------:|
| Total to be paid to priority claims: | $0.00 |
| Remaining balance:   | $6,242.60 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $14,716.44 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 42.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Chase Bank USA, N.A. | $9,767.24 | $0.00 | $4,143.19 |
| 2 | SPIRIT OF AMERICA NATIONAL BANK/LANE BRYANT | $122.22 | $0.00 | $51.84 |
| 3 | Chase Bank USA, N.A. | $1,492.34 | $0.00 | $633.04 |
| 4 | GE Money Bank dba SAM'S CLUB | $3,334.64 | $0.00 | $1,414.53 |

|                      |                                       |
|---------------------:|--------------------------------------:|
| Total to be paid to timely general unsecured claims: | $6,242.60 |
| Remaining balance:   | $0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|                      |                                       |
|---------------------:|--------------------------------------:|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance:   | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|                      |                                       |
|---------------------:|--------------------------------------:|
| Total to be paid for subordinated claims: | $0.00 |

Remaining balance: $0.00